## BILLY FRAME v. STATE.

No. A-5868.   Opinion Filed Jan. 3, 1927.
(251 Pac. 756.)

Sigler & Jackson, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction for buying stolen property and sentence of imprisonment for the term of three years, rendered upon a plea of guilty, entered by appellant, Billy Frame, upon his arraignment on an information filed in the district court of Carter county, April 4, 1925, in substance charging that in said county February 15, 1924, Billy Frame did buy and receive from Candy Renfro and Raymond Garrett, for the consideration of $200, an automobile of the value of $200, owner unknown, knowing the same to have been stolen. Of the various errors assigned we deem it unnecessary to consider but the one, that the punishment imposed is excessive.

On the final submission of the case there was filed the following recommendation of the Attorney General:

"In this case the plaintiff in error pleaded guilty in the lower court on the assurance of the county attorney that he would recommend to the court a jail sentence as full punishment for the offense.

"The county attorney after an investigation into the facts of the case, did recommend to the court the imposition of a six months' jail sentence but the trial judge declined to follow the recommendation of the county attorney, and, upon the plea of guilty, imposed upon the defendant a sentence of three years' imprisonment in the penitentiary.

"The defendant then filed a motion to set aside the judgment and sentence and grant defendant a new trial with permission to withdraw his plea of guilty and enter a plea of not guilty on the ground, among others, that defendant was led to believe that the trial judge would follow the recommendation of the county attorney in the imposition of the sentence. The trial judge denied the motion and from such action defendant has appealed to this court.

"After an examination of this record the Attorney General believes there is no reversible error presented by this appeal. The Attorney General has, however, made an

extensive examination into the facts of the case and is convinced that the ends of justice will be fully conserved, were this court to exercise its discretion and modify this judgment to provide a six months' jail sentence as recommended by the county attorney. It is the understanding of the Attorney General, also, that the trial judge now believes that a six months' jail sentence will answer the demands of justice in this case.

"The defendant is a veteran of the World War, having been severely wounded therein, and must go through life a cripple. He has never been charged with the commission of crime before or since and is a descendant of one of the most respected families of Southern Oklahoma. Since the imposition of this sentence, defendant has married and is living an upright law-abiding life, and the Attorney General believes that this is an instance where the court should exercise that broad discretion conferred upon it by the Legislature and modify the sentence to provide imprisonment in the county jail for six months as originally recommended by the county attorney, and, having fully considered the premises, the Attorney General recommends such modification."

Upon an examination of the record we have reached the conclusion that the punishment imposed is excessive, and that the recommendation of the Attorney General should be sustained.

It is both the spirit and intention of our laws that sentences shall be imposed in criminal cases for the protection of society and the reformation of the criminal, and punishment should be imposed in keeping with the spirit of the law.

The judgment and sentence herein will therefore be modified by reducing the sentence to imprisonment in the county jail for a period of six months, and as thus modified the judgment is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.